IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | | |
|---|---|---|
| Steven McElrath, | ) | Case No. 5:24-cv-07222-DCC |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Warden Ridgeland Correctional Institution, | ) ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Petitioner, proceeding pro se, is seeking habeas corpus relief pursuant to 28 U.S.C. § 2254. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), (D.S.C.), this matter was referred to United States Magistrate Judge Kaymani D. West for pre-trial proceedings and a Report and Recommendation ("Report"). On January 23, 2025, the Magistrate Judge issued a Report recommending that the Petition be dismissed without requiring Respondent to file a return. ECF No. 21. The Magistrate Judge advised Petitioner of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. Petitioner filed objections to the Report.[1] ECF No. 33.

---

[1] Petitioner also filed a letter and additional attachments. ECF Nos. 29, 32. Both of these documents have been considered in ruling on the Report.

**APPLICABLE LAW**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. See *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. See 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. See *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

**ANALYSIS**

The Magistrate Judge recommends summary dismissal of the instant Petition because it is a second and successive § 2254 action. The Report sets forth in detail the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without recitation. Because Petitioner filed objections, the Court's review has been de novo.

To be considered successive, the second habeas petition must be the second attack of the same conviction and the first habeas petition must have been finally adjudicated on the merits. See *In re Williams*, 444 F.3d 233, 236 (4th Cir. 2006). "[A]

2

dismissal of a [§ 2254] petition as untimely renders a subsequent petition successive." *Henderson v. Bazzle*, No. 9:08-cv-0978-MBS-GCK, 2008 WL 1908535, at *3 (D.S.C. Apr. 29, 2008).  Under the Anti-Terrorism and Effective Death Penalty Act of 1996, "an individual may not file a second or successive § 2254 petition for a writ of habeas corpus or § 2255 motion to vacate sentence without first receiving permission to do so from the appropriate circuit court of appeals." *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997).  "The prospective applicant must file in the court of appeals a motion for leave to file a second or successive habeas application in the district court."  *Felker v. Turpin*, 518 U.S. 651, 657 (1996) (citing 28 U.S.C. § 2244(b)(3)(A)).  "A three-judge panel has 30 days to determine whether 'the application makes a prima facie showing that the application satisfies the requirements of' § 2244(b)."  *Id*. (quoting § 2244(b)(3)(c)).

Petitioner's prior § 2254 petition addressing the same state court conviction was filed on June 15, 2017, and was denied on March 23, 2018.  *McElrath v. Warden*, C/A No. 5:17-cv-01569-JMC.  Accordingly, Petitioner's instant Petition is uncontrovertibly second or successive under § 2244(b), given the fact it was filed after the Court ruled on his first § 2254 action. Therefore, Petitioner was required to obtain leave from the United States Court of Appeals for the Fourth Circuit prior to filing this action.  § 2244(b)(3)(A).  Because the Fourth Circuit denied this request, this Court lacks jurisdiction to consider his Petition.  *See United States v. Winestock*, 340 F.3d 200, 205–06 (4th Cir. 2003).

In his objections, Petitioner states that he is filing a "belated direct appeal"; accordingly, this Court has jurisdiction over his grounds.  ECF No. 33.  However, there is no procedure for filing an appeal of a state court conviction in federal court outside of the

confines of federal habeas relief. Accordingly, this objection is overruled. The remainder of Petitioner's objections concern the merits of the action. Because this Court lacks jurisdiction, the undersigned does not reach these arguments.

Accordingly, after considering the record in this case, the applicable law, and the Report of the Magistrate Judge, the Court agrees with the Report's recommendation. The Petition is **DISMISSED** without prejudice to Petitioner's right to seek authorization from the Fourth Circuit Court of Appeals to file a successive petition, and without requiring Respondent to file an answer or return.

## CERTIFICATE OF APPEALABILITY

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) of the Rules Governing Section 2254 Cases. A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find that the court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate *both* that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484–85. In this case, the Court concludes that Petitioner has failed to make the requisite showing of "the denial of a constitutional right."

IT IS SO ORDERED.

                          s/ Donald C. Coggins, Jr.
                          United States District Judge

January 9, 2026
Spartanburg, South Carolina